GALM v. SULLIVAN.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

PLEADING—NEW MATTER—RELEASE—SUPPLEMENTAL ANSWER.

Where plaintiff settled his claim for damages for personal injuries, and executed a release of his cause of action after defendant had answered and noticed the case for trial and placed it on the calendar, the release could only be interposed as a defense by leave of court in the form of a supplemental answer, as provided by Code Civ. Proc. § 544.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 843.]

Appeal from Special Term, New York County.

Action by Frank Galm against John W. Sullivan. From an order denying plaintiff's motion to strike out parts of the amended answer as irrelevant, and as constituting matter that could only be properly set up by supplemental pleading, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles La Rue, for appellant.
De Witt Bailey, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through

the negligence of the defendant. After the defendant answered, and noticed the case for trial, and placed it upon the calendar, the plaintiff settled his claim with the defendant and executed a release of his cause of action. The defendant thereafter, and within the time within which he was authorized to amend his answer as of course, and without leave of the court, served an alleged amended answer, setting up the release as a defense. It is manifest that this defense, arising after the original answer was served, could only be interposed by leave of the court and in the form of a supplemental answer. Code Civ. Proc. § 544.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.